UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CARLTON VICTOR SMITH      ]
    Petitioner,           ]
                          ]
v.                        ]     No. 3:13-0603
                          ]     Judge Trauger
UNITED STATES OF AMERICA  ]
    Respondent.           ]


**M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the United States Penitentiary in Atlanta, Georgia. He brings this action pursuant to 28 U.S.C. § 2255 against the United States, asking the Court to vacate, set aside or correct his sentence.

### I. Background

On May 23, 2002, a jury found the petitioner guilty of bank extortion by use of a dangerous weapon, 18 U.S.C. § 2113(d), and bank extortion by forced accompaniment, 18 U.S.C. § 2113(e). United States v. Carlton Victor Smith, Criminal Action No. 3:00-00095-2 (M.D. Tenn.)(Wiseman, S.J., presiding), Docket Entry No.155. For these crimes, he received concurrent sentences of 300 months and 405 months, respectively, to be followed by five years of supervised release. *Id.*, Docket Entry No.224 at pgs.32-33.

The petitioner's convictions and sentences were affirmed by

the Sixth Circuit Court of Appeals. *Id.*, Docket Entry No.231. The Supreme Court then granted petitioner's application for a writ of certiorari, vacated judgment, and remanded the case back to the Sixth Circuit for further consideration in light of the Booker decision. Smith v. United States, 543 U.S. 1180 (2005).

The case was further remanded back to the District Court for re-sentencing in conformity with Booker. Smith, *supra* at Docket Entry No.235. Following a hearing, the petitioner received concurrent sentences of 300 months and 396 months, respectively, to be followed by five years of supervised release. *Id.*, Docket Entry No.248.

The re-sentencing of the petitioner was affirmed on appeal. United States v. Smith, 510 F.3d 603 (6th Cir.2007). The Supreme Court later denied petitioner's application for a second writ of certiorari. Smith v. United States, 552 U.S. 1327 (2008).

## II. Procedural History

On June 10, 2013, the petitioner filed the instant Motion to Vacate, Set Aside or Correct Sentence (Docket Entry No.1).[1] In the Motion, the petitioner sets forth five claims for relief. These

---

[1] A pleading from a prisoner is considered filed on the date that it was given to prison officials for posting. Houston v. Lack, 487 U.S. 266 (1988). Thus, even though petitioner's Motion was received in the Clerk's Office and stamped as filed on June 17, 2013, the actual filing date for the purposes of a timeliness analysis is June 10, 2013, the date on which the petitioner placed his Motion in the prison postal system for mailing. Docket Entry No.1 at pg.15.

claims include :

    1)    the petitioner was convicted of an offense not charged in the indictment;

    2)    the petitioner was brought to trial for a non-existent offense; i.e., charged with violating 18 U.S.C. §§ 2113(d) and (e), when these provisions are not "stand-alone" offenses, but are merely aggravating factors for the crime set forth in subsection (a);

    3)    the petitioner is actually innocent because he was charged with bank extortion but was convicted of bank robbery;

    4)    the Court applied the Sentencing Guidelines in effect at the time of sentencing rather than the Sentencing Guidelines in effect at the time of the offense, thus violating the Ex Post Facto Clause (Peugh claim); and

    5)    petitioner's sentences were improperly enhanced due to "judge-found facts"; more specifically, he should not have received a six point enhancement for the use of a firearm, points should not have been added for a "vulnerable victim", and for the amount of money taken during the robbery. (Alleyne claim).[2]

Upon its receipt, the Court conducted a preliminary review of petitioner's Motion and found that it was not facially frivolous. Accordingly, by an order (Docket Entry No.2) entered June 25, 2013, the United States Attorney for this judicial district was directed to file an answer, plead or otherwise respond to the Motion. Rule

---

[2] This claim was added as an amendment to the petition. *See* Docket Entry No.16.

3

4(b), Rules - - - § 2255 Cases.

Presently pending before the Court is the government's Response (Docket Entry No.23) to the petitioner's Motion, to which the petitioner has filed a Reply (Docket Entry No.25).

Having carefully considered petitioner's Motion, the government's Response and the petitioner's Reply, it does not appear that an evidentiary hearing is needed in this matter. *see* Smith v. United States, 348 F.3d 545,550 (6th Cir.2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Consequently, the Court shall dispose of the § 2255 Motion as the law and justice require. Rule 8(a), Rules - - § 2255 Cases.

### III. Analysis of the Claims

**A.) Untimely Claims**

The government asserts that the petitioner's first three claims are untimely.

The Antiterrorism and Effective Death Penalty Act contains a one-year limitation period during which a § 2255 Motion to Vacate, Set Aside or Correct Sentence must be filed. This statute requires a claim by claim approach to determine timeliness. Zack v. Tucker, 704 F.3d 917,918 (11th Cir.2013); *see also* Bachman v. Bagley, 487 F.3d 979,984 (6th Cir.2007)("Sixth Circuit precedent dictates that courts determine the beginning of the one-year statute of limitations period based on the content of the prisoner's claim").

This limitation period begins to run from the latest of four (4) events. The petitioner's first three claims are essentially an attack upon his convictions. The event relevant to these claims, therefore, is the date on which the judgment of convictions became final. 28 U.S.C. § 2255(f)(1).

The petitioner was found guilty of his crimes on May 23, 2002. Smith, *supra* at Docket Entry No.155. The convictions were affirmed on appeal on June 14, 2004. *Id.*, Docket Entry No.231. The petitioner was re-sentenced pursuant to Supreme Court mandate on November 6, 2006. *Id.*, Docket Entry No.248. On December 7, 2007, the petitioner's re-sentencing was affirmed on appeal. United States v. Smith, 510 F.3d 603 (6th Cir.2007). By April 14, 2008, the Supreme Court chose not to grant the petitioner's application for a second writ of certiorari. Smith v. United States, 552 U.S. 1327 (2008). Thus, the limitation period for challenging the petitioner's convictions by way of § 2255 ran through April 14, 2009.

The instant § 2255 motion was not filed until June 10, 2013, more than four years after the limitation period had expired. Accordingly, the petitioner's first three claims attacking his convictions are untimely.

The period of limitation, however, does not act as a jurisdictional bar. Therefore, the one year limitation period is subject to equitable tolling in appropriate circumstances. Dunlap

5

v. United States, 250 F.3d 1001, 1004-1005 (6th Cir.), *cert. denied*, 534 U.S. 1057 (2001). The petitioner bears the burden of showing that he is entitled to an equitable tolling of the limitation period. Keenan v. Bagley, 400 F.3d 417, 420 (6th Cir.2005). To carry this burden, the petitioner must establish (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance has stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

In this case, the petitioner states simply that these claims (Claim Nos.1-3) were not raised on direct appeal due to the ineffectiveness of counsel.[3] That excuse, however, does not explain why the petitioner failed to file the instant action more than four years after the running of the limitation period. Nor does the Court glean from a reading of the Motion why the petitioner failed to file this action earlier. The petitioner has not sought to pursue his rights diligently with regards to his first three claims. There is no indication that some extraordinary circumstances stood in his way and prevented him from prosecuting these claims sooner. Accordingly, the Court finds that these claims are untimely and cannot support an award of § 2255 relief.

**B.) Ex Post Facto Claim (Peugh Claim)**

In Peugh v. United States, 133 S.Ct. 2072 (2013), the Supreme

---

[3] At trial and on direct appeal, the petitioner was represented by C. Douglas Thoresen, an Assistant Federal Public Defender.

Court has held that the Ex Post Facto Clause of the Constitution has been violated when a defendant is sentenced under current sentencing Guidelines which provide for a higher sentencing range than those Guidelines in effect at the time of the offense. The petitioner's fourth claim is that he was re-sentenced in 2006 using the Guidelines in effect at that time rather than those in effect at the time of the offense, thus creating an Ex Post Facto violation.

The petitioner's convictions are based upon a bank robbery that took place on December 12, 1996. <u>Smith</u>, *supra*, Docket Entry No.258 at pg.3. The petitioner was re-sentenced on November 6, 2006. *Id.*, Docket Entry No.248. According to the petitioner's Pre-sentence Investigation Report, the petitioner acknowledged that the sentencing Guidelines range used was taken from the 1995 Guidelines manual, "the manual in effect at the time of the commission of the offense". *Id.*, Docket Entry No.251 at pg.21. Thus, petitioner's fourth claim is factually incorrect and, as such, lacks merit.

**C.) Improper Sentence (Alleyne Claim)**

The petitioner's final claim (Claim No.5) is that his Sixth Amendment right to a jury trial was violated when his sentences were enhanced due to "judge-found" facts. More specifically, the petitioner argues that he should not have received a six point enhancement for the use of a firearm, points should not have been added for a "vulnerable victim", and for the amount of money taken

7

in the robbery.

At the time the petitioner was re-sentenced, an increase in a minimum sentence based on judicial fact-finding did not violate the Sixth Amendment because a minimum sentence did not alter the prescribed statutory maximum. <u>Harris v. United States</u>, 536 U.S. 545,568 (2002). <u>Harris</u>, however, has recently been expressly overruled by the Supreme Court. <u>Alleyne v. United States</u>, 133 S.Ct. 2151,2155 (2013). In <u>Alleyne</u>, it was held that "any fact that increases the mandatory minimum is an element that must be submitted to the jury. *Id.*

<u>Alleyne</u> has established a new rule of constitutional law. <u>Simpson v. United States</u>, 721 F.3d 875,876 (7th Cir.2013). As such, only the Supreme Court can render its holding retroactively applicable to cases such as this one on collateral review. <u>Tyler v. Cain</u>, 533 U.S. 656,662-63 (2001). The Supreme Court has not made the holding of <u>Alleyne</u> retroactively applicable to the instant action. <u>Simpson</u>, *supra*; *see also* <u>United States v. Redd</u>, 2013 WL 5911428 (2d Cir.2013); <u>United States v. Stewart</u>, 2013 WL 5397401 (4th Cir.2013). Nor has the petitioner alleged that his sentences were improperly enhanced under the law applicable at the time of re-sentencing. Accordingly, the Court finds no merit in this claim.

## IV. Conclusion

The Court has found that the petitioner's first three claims (Claim Nos.1-3) are untimely, the fourth claim (Peugh) is not

8

supported by the facts, and petitioner's final claim (Alleyne) has no merit.

Therefore, having carefully considered the petitioner's Motion to Vacate, Set Aside or Correct Sentence, the government's Response to the Motion, and petitioner's Reply to the government's Response, the petitioner's Motion will be denied and the instant action shall be dismissed.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge